IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GUTIERREZ, | No. C 07-5999 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS, DENTAL DEPARTMENT, | |
| Defendants. | |

On November 28, 2007, plaintiff, an inmate incarcerated at the Santa Clara County Jail ("County Jail") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.

2 § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

3 Constitution or laws of the United States was violated, and (2) that the alleged violation was

4 committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42,

5 48 (1988).

6 B.   Claims

7 In his complaint, plaintiff alleges that for nine months he has been requesting dental

8 care for cavities and that he is in a lot of pain.  (Compl. at 3:12-14.)  He alleges that he has

9 sent twenty-three requests and three grievance forms to the dental department asking for such

10 care.  (Id. at 3:15-17.)  He states that on June 8, 2007 he had one cavity filled and the dentist

11 told him he'd be called to come back in two weeks, but he never was.  (Id. at 3:15-23.)  He

12 seeks injunctive relief and monetary damages.

13 Deliberate indifference to a prisoner's serious medical needs violates the Eighth

14 Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble,

15 429 U.S. 97, 104 (1976).  The need for dental care may constitute a serious medical need.

16 See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  A determination of "deliberate

17 indifference" involves an examination of two elements: the seriousness of the prisoner's

18 medical need and the nature of the defendant's response to that need.  McGuckin v. Smith,

19 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc.

20 v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical need exists if

21 the failure to treat a prisoner's condition could result in further significant injury or the

22 "unnecessary and wanton infliction of pain."  Id. (citing Estelle v. Gamble, 429 U.S. at 104).

23 A prison official is deliberately indifferent if he knows a prisoner faces a substantial risk of

24 serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v.

25 Brennan, 511 U.S. 825, 837 (1994).

26 Here, liberally construed, plaintiff's complaint alleges he is suffering from a serious

27 medical need and that jail officials have acted with deliberate indifference to that need.

28 Plaintiff's claims cannot proceed, however, because plaintiff has not named any jail official

as a defendant, nor has he alleged how any such individual official was involved in responding, or failing to respond, to his requests for medical attention. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, the only defendants named in the complaint are "Santa Clara County Department of Corrections," and "Dental Department." Naming such departments as a whole does not suffice to plead a § 1983 claim, however, because only those individual department members who actually engage in unlawful conduct can be held liable. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations); see also Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper). Accordingly, plaintiff will be given leave to amend the complaint to identify the jail officials involved in the alleged failure to provide him adequate care, and to set forth specific facts showing how each such defendant's actions have caused him injury or harm.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is hereby DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies noted above. A copy of the form is provided herewith. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 07-5999 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811,

3

814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  These rules govern actions filed by pro se litigants as well as litigants represented by counsel.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, if plaintiff wishes to amend his complaint to include new claims and new defendants, he must file an amended complaint, which amended complaint also must include any claims from the original complaint he wishes to preserve.

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed.**

2. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: April 11, 2008

_____
MAXINE M. CHESNEY
United States District Judge